# EXHIBIT A

# CIV-200117-CIV-DS2001751-CASEEN-161002



## Scanned Document Coversheet

System Code:   CIV

Case Number:   DS2001751

Case Type:     CIV

Action Code:   CASEEN

Action Date:   01/17/20

Action Time:   4:10

Action Seq:    0002

Printed by:    CGOLD

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

# Complaint and Party information entered



NEW FILE

Exhibit A, page 13

1 | PANISH SHEA & BOYLE LLP
KEVIN R. BOYLE, State Bar No. 192718
2 | *boyle@psblaw.com*
JESSE MAX CREED, State Bar No. 272595
3 | *creed@psblaw.com*
NATHAN WERKSMAN, State Bar No. 322223
4 | *werksman@psblaw.com*
11111 Santa Monica Boulevard, Suite 700
5 | Los Angeles, California 90025
Telephone: 310.477.1700
6 | Facsimile: 310.477.1699

7 | Attorneys for Plaintiffs

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 17 2020

BY _____
CHRIS GOLDSTEIN, DEPUTY

8 | ### THE SUPERIOR COURT OF CALIFORNIA

9 | ### COUNTY OF SAN BERNARDINO

10

11 | COLLEEN BURKE, an individual and
personal representative of the Estate of Kevin
12 | Burke, and GARY BURKE, an individual,

13 | Plaintiffs,

14 | v.

15 | LOCKHEED MARTIN COMPANY, a
corporation; and DOES 1 through 50,
16 | inclusive,

17 | Defendants.

Case No. **CIV DS 2 0 0 1 7 5 1**

**COMPLAINT FOR WRONGFUL DEATH**

**1. NEGLIGENCE-PRODUCT LIABILITY**

**2. STRICT PRODUCT LIABILITY**

**3. BREACH OF EXPRESS AND IMPLIED WARRANTY**

**DEMAND FOR JURY TRIAL**

200117-0965-$435.⁰⁰

*(left margin, vertical)* PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

20 | COME NOW Plaintiffs COLLEEN BURKE, individually and as personal representative of

21 | the Estate of Kevin Burke and GARY BURKE (hereinafter referred to as "Plaintiffs"), by and

22 | through their attorneys, Panish, Shea & Boyle, LLP, hereby complain of Defendants LOCKHEED

23 | MARTIN COMPANY, and DOES 1 through 50, inclusive (collectively, "Defendants"), and each

24 | of them, and allege as follows:

25 | ### INTRODUCTION

26 | 1. This is a wrongful death action arising from the death of Chief Warrant Officer

27 | Kevin Burke, who died when the manufacturing defects contained in the subject Helicopter he was

28 | flying and its component parts caused the Helicopter to go out of control and crash.

Case No.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

## PARTIES, JURISDICTION, AND VENUE

2. This Court is the proper venue for this action pursuant to California *Code of Civil Procedure* § 395 because the crash occurred in the County of San Bernardino, California.

3. Plaintiff Colleen Burke is a citizen and resident of Texas. Plaintiff Gary Burke is a citizen and resident of Nevada. Collectively, Plaintiffs are the natural and legal parents and intestate heirs of decedent, Chief Warrant Officer Kevin Burke ("Decedent"), and as such have standing to bring this action.

4. Defendant Lockheed Martin Company ("Lockheed Martin") is a corporation authorized to do, has regularly done, and is continually and systematically doing extensive business in the State of California.

5. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiffs who therefore sue said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiffs. Plaintiffs are informed and believe, and thereupon allege, that each of the defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner including strict liability, legally and proximately caused the described damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the defendants' true names and capacities after the same have been ascertained. Defendants DOES 1 through 50 inclusive, including any general or limited members in a DOE partnership, association, or limited liability company, are believed not to be citizens, incorporated, or have their principal place of business in the State of California. All allegations in this Complaint are also to be deemed made against DOES 1 through 50. When "Defendants" is used in this Complaint, it is intended to and does include DOES 1 through 50.

6. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 50, inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   agency, employment, and/or venture, and that each and every Defendant.

2   **GENERAL ALLEGATIONS**

3       7.      On or about January 20, 2018, Plaintiffs' Decedent Chief Warrant Officer 2 Kevin

4   Burke died while co-piloting an AH-64E Apache helicopter (hereafter referred to as the

5   "Helicopter") during a training mission at Fort Irwin, California when the defects contained in the

6   subject Helicopter and its component parts caused the Helicopter to go out of control and crash.

7       8.      Plaintiffs are informed and believe, and thereupon allege, that many of the

8   component parts of the Helicopter, including, but not limited to, the forward-looking infrared

9   (FLIR) system was assembled, manufactured, marketed, and introduced into the stream of

10  commerce by Defendant Lockheed Martin.

11      9.      At the time that the Helicopter left the custody and control of Lockheed Martin,

12  and DOES 1 through 50, it was defective and unreasonably dangerous in one or more of the

13  following respects, among other defects:

14          a.      the Pilot Night Vision System ("PNVS") had manufacturing defects and

15  accordingly was not functioning as intended or expected by activating and deactivating without

16  any warning under normal and foreseeable circumstances;

17          b.      the Integrated Helmet and Display Sight System ("IHADSS") had

18  manufacturing defects and accordingly was not functioning as intended or expected by activating

19  and deactivating without any warning under normal and foreseeable circumstances;

20          c.      the forward-looking infrared ("FLIR") system in the Helicopter had

21  manufacturing defects and accordingly was not functioning as intended or expected by activating

22  and deactivating without any warning under normal and foreseeable circumstances.

23          d.      the Helicopter failed to contain any warnings of the above-described

24  defects.

25      10.     Based on information and belief, the following series of events describes the

26  mechanical failures that caused the fatal crash: As CW2 Burke and 1LT Cullen were conducting

27  deliberate maneuvers into a hasty attack position in canalizing terrain, Apache 142's mission data

28  recorder logged numerous faults related to the Mission Processor and pilot's (Decedent Burke's

1  rear seat station) IHADSS, FNVS, and FLIR systems. Illumination at that time was 0% with no

2  visible ground or celestial lighting, which would have prevented his ability to see terrain or a

3  horizon unaided. As a result of these faults, Decedent was left to fly blind.

4        11.      As the direct and proximate result of one or more of the aforesaid defective and

5  unreasonably dangerous conditions of the Helicopter, it was caused to, and did, crash while in use

6  at Fort Irwin in San Bernardino County at or around midnight on January 20, 2018, killing

7  Plaintiff's Decedent Chief Warrant Officer 2 Kevin Burke.

8  **FIRST CAUSE OF ACTION**

9  **(Negligence-Product Liability Against Defendants LOCKHEED MARTIN COMPANY, and**

10  **DOES 1 Through 50, Inclusive)**

11        12.      COME NOW all Plaintiffs, and for a First Cause of Action against all

12  Defendants, including DOES 1 through 50, and each of them, complain and allege as follows:

13        13.      Plaintiffs re-allege and incorporate paragraphs 1 through 11, inclusive of the

14  Parties, Jurisdiction and Venue, and General Allegations, above.

15        14.      Plaintiffs are informed and believe, and thereupon allege, that the Defendants,

16  and each of them manufactured, fabricated, assembled, distributed, bought, sold, serviced,

17  supplied, and/or modified the Subject Helicopter and its component parts, including but not

18  limited to, the Pilot Night Vision System (PNVS), the forward-looking infrared (FLIR) system,

19  and Integrated Helmet and Display Sight System (IHADSS), and other mechanical components of

20  the Helicopter.

21        15.      Plaintiffs are informed and believe, and thereupon allege, that at all times

22  mentioned herein, the subject Helicopter and its component parts were defective when placed into

23  the stream of commerce by Defendants, and each of them, and was of such a nature that the

24  defects would not be discovered in normal inspection and operation by users thereof.

25        16.      Plaintiffs are informed and believe, and thereupon allege, that on or about

26  January 20, 2018, the subject Helicopter and its component parts were being operated and used in

27  a reasonably foreseeable manner.

28        17.      Plaintiffs are informed and believe, and thereupon allege, that the Defendants, as

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

4

Case No.

COMPLAINT FOR WRONGFUL DEATH

Exhibit A, page 17

1  manufacturers, distributors, suppliers, and sellers of the Helicopter and its component parts, owed

2  a duty of care to all Plaintiffs and Decedent that the Helicopter and its components parts would not

3  be placed into the stream of commerce in a defective condition.

4       18.    Plaintiffs are informed and believe, and thereupon allege, that the Defendants

5  were negligent in the manufacture and marketing of the Helicopter and its component parts,

6  including but not limited to, including but not limited to, the Pilot Night Vision System (PNVS),

7  the forward-looking infrared (FLIR) system, and Integrated Helmet and Display Sight System

8  (IHADSS), and other mechanical components of the Helicopter, such that Defendants knew or

9  should have known in the exercise of ordinary care that the Helicopter and its component parts

10  were defective and unreasonably dangerous to those persons likely to use such products for the

11  purpose and manner for which they were intended to be used, and for purposes reasonably

12  foreseeable to Defendants. Defendants were negligent in the particulars set forth in this and the

13  proceeding paragraphs, and said negligence was a direct, proximate, and producing cause of the

14  subject crash, which is the basis of this action, and the resulting fatal injuries sustained by

15  Plaintiffs' decedent, Kevin Burke.

16       19.    Plaintiffs are informed and believe, and thereupon allege, that Defendants knew,

17  or in the exercise of ordinary care should have known, of the means of manufacturing the

18  Helicopter and its component parts, such that the type of incident and resulting injuries as

19  described herein would be prevented. The Defendants had actual knowledge that manufacturing

20  such an aircraft and its component parts in a defective condition, as alleged herein, would be

21  unreasonably dangerous and cause incidents such as the crash alleged herein.

22       20.    Plaintiffs are informed and believe, and thereupon allege, that the Defendants

23  were additionally negligent in that they failed to provide proper warnings or instructions to

24  ordinary users thereof, including Plaintiffs' decedent, Kevin Burke, and failed to recall or timely

25  recall the products or make appropriate post-marketing efforts to prevent incidents such as the one

26  included herein.

27       21.    Plaintiffs are informed and believe, and thereupon allege, that Defendants were

28  negligent in their failure to give adequate or proper warnings or instructions to the users thereof,

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1    including Plaintiffs' decedent, Kevin Burke, for the reasonable and foreseeable use of the

2    Helicopter and its component parts, and failed to make appropriate efforts to prevent incidents

3    such as the one included herein, and that Defendants knew or reasonably should have known that

4    users thereof, including Plaintiff, would not realize such dangers to which Defendants had failed to

5    warn users thereof.

6          22.     Plaintiffs are informed and believe, and thereupon allege, that reasonable

7    manufacturers, distributors and sellers of the said Helicopter and its component parts under the

8    same or similar circumstances would have provided such warnings and instructions for the use of

9    the Helicopter and its component parts.

10         23.     Plaintiffs are informed and believe, and thereupon allege, Defendants violated

11   their duty and were negligent in those acts previously described, and further described herein.

12   Defendants' negligent acts, collectively and/or severally, were the direct and proximate cause or

13   causes of the incident, which is the basis for this action, and the fatal injuries sustained by Kevin

14   Burke.

15         24.     The defective condition of the Helicopter and its component parts, and the

16   resulting crash of the Helicopter, was caused by the negligence, recklessness, wrongdoing,

17   tortuous conduct, careless acts and omissions of the Defendants in the manufacture, assembly,

18   construction, testing and marketing of the Helicopter and its component parts, and in said

19   Defendants' failure to warn of and to take appropriate remedial action with respect to the known

20   dangerously defective conditions, and failure to provide proper instructions for the use of the

21   Helicopter and its component parts.

22         25.     As a direct, legal and proximate result of Defendants' negligence and

23   carelessness, Plaintiffs sustained damages and are entitled to recover all compensatory damages

24   allowed under law, including damages for the value of the loss of financial support, love,

25   companionship, comfort, care, assistance, protection, affection, society, moral support, and

26   training and guidance, as well as costs incurred in funeral and burial expenses, and other damages

27   and are thus entitled to recover fair and reasonable monetary compensation for those damages and

28   any other such statements to be stated according to proof pursuant to California Code of Civil

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

6

Case No.

Procedure § 425.10.

## **SECOND CAUSE OF ACTION**

### **(Strict Product Liability)**

26.     COME NOW all Plaintiffs, and for a Second Cause of Action against all Defendants, and DOES 1 through 50, inclusive, and each of them, complain and allege as follows:

27.     Plaintiffs re-allege and incorporate paragraphs 1 through 25 above, inclusive of the Parties, Jurisdiction and Venue, and General Allegations, above.

28.     Plaintiffs are informed and believe, and thereupon allege, that the Helicopter and its components parts, including but not limited to, the Pilot Night Vision System (PNVS), the forward-looking infrared (FLIR) system, and Integrated Helmet and Display Sight System (IHADSS), and other mechanical components of the Helicopter contained therein were defective and unreasonably dangerous by reason of defective manufacture and failure of the Defendants to give adequate and proper warnings of the dangers existing therein, and adequate instructions regarding the avoidance of such dangers in the use of the Helicopter and its component parts.

29.     Plaintiffs are informed and believe, and thereupon allege, that the defective and unreasonably dangerous conditions in the Helicopter and its component parts exposed Plaintiffs' decedent, Kevin Burke, to unreasonable risk of harm and were a proximate and producing cause of Plaintiff's serious and permanent injuries and death.

30.     Plaintiffs are informed and believe, and thereupon allege, that Defendants are in the business of manufacturing, selling, marketing and/or distributing the subject Helicopter and its component parts, which are distributed and sold throughout the United States, as well as the state of California, and as such are liable to the Plaintiff for damages under the theory of strict products liability.

31.     Plaintiffs are informed and believe, and thereupon allege, that at the time the Helicopter and its component parts were sold, converted, marketed and/or placed into the stream of commerce by the Defendants, such products were defective and unreasonably dangerous as that term is defined in law to persons who could reasonably be expected to use them, that such defects and unreasonably dangerous conditions were known by Defendants at the time the Helicopter and

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1    its component parts were sold, converted, marketed and/or placed into the stream of commerce,

2    and these defective and unreasonably dangerous conditions were a proximate and producing cause

3    of Plaintiff's serious and permanent injuries.

4        32.    Plaintiffs are informed and believe, and thereupon allege, the Helicopter and its

5    component parts, were also defective by reason of Defendants' failure to include or place with it

6    adequate and proper warnings and instructions as to dangers associated with the manufacture,

7    assembly, and foreseeable use of the products, including but not limited to, the Pilot Night Vision

8    System (PNVS), the forward-looking infrared (FLIR) system, and Integrated Helmet and Display

9    Sight System (IHADSS), and other mechanical components of the Helicopter and how to avoid

10   such dangers, and further, failed to recall the products to prevent incidents such as the one

11   included herein. Such defects rendered the Helicopter and its component parts unreasonably

12   dangerous and were a proximate and producing cause of the damages sustained by Plaintiffs.

13       33.    Plaintiffs are informed and believe, and thereupon allege, that Defendants were

14   negligent in their failure to give adequate or proper warnings or instructions to the users thereof,

15   including Plaintiffs' decedent, Kevin Burke, for the reasonable and foreseeable use of the

16   Helicopter and its component parts, and failed to make appropriate efforts to prevent incidents

17   such as the one included herein, and that Defendants knew or reasonably should have known that

18   users thereof, including Plaintiff, would not realize such dangers to which Defendants had failed to

19   warn users thereof. Said defective conditions were a proximate and producing cause of the

20   damages and injuries sustained by Plaintiff.

21       34.    Plaintiffs are informed and believe, and thereupon allege, Defendants are the

22   manufacturers, assemblers, and/or distributors of the subject Helicopter and its component parts,

23   who hold and have held themselves out to the public as having superior knowledge, skill and

24   experience in the construction, assembly, manufacture, testing, and inspection of such aircraft and

25   its component parts; and, in the course of business as aerospace manufacturers, Defendants

26   constructed, assembled, and manufactured the Helicopter and its component parts; Defendants

27   expressly and impliedly warranted were fit for intended use, being airworthy and free of

28   unreasonably dangerous defects; and Defendants marketed, sold, distributed and caused the

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

8

Case No.

Exhibit A, page 21

1  Helicopter and its component parts to be introduced into the stream of commerce.

2      35.      Plaintiffs are informed and believe, and thereupon allege, that the crash of the

3  Helicopter and the resulting injuries to Plaintiff, were proximately caused and/or substantially

4  contributed to by latent and unreasonably dangerous defects in the manufacture of said aircraft and

5  its component parts, and Defendants' failure to warn and/or provide adequate instructions for the

6  use and maintenance of the Helicopter and its component parts.

7      36.      Plaintiffs are informed and believe, and thereupon allege, that at the time the

8  Helicopter and its component parts were sold, converted, marketed and/or placed into the stream

9  of commerce by Defendants, such products were defective and unreasonably dangerous as that

10  term is defined in law to persons who could reasonably be expected to use them, and these

11  defective and unreasonably dangerous conditions were a producing cause of Plaintiff's damages.

12  The Helicopter and its component parts were also defective by reason of Defendants' failure to

13  include or place with it adequate and proper warnings and instructions as to dangers associated

14  with the manufacture, construction, assembly, and foreseeable use of the products and how to

15  avoid such dangers, and these defects rendered the subject aircraft unreasonably dangerous.

16      37.      Plaintiffs are informed and believe, and thereupon allege, by reason of the

17  foregoing, Defendants are strictly liable in tort to Plaintiffs for the serious and permanent injuries

18  and death caused by the crash of the subject Helicopter.

19      38.      As a direct, legal and proximate result of Defendants' negligence and carelessness,

20  Plaintiffs sustained damages and are entitled to recover all compensatory damages allowed under

21  law, including damages for the value of the loss of financial support, love, companionship,

22  comfort, care, assistance, protection, affection, society, moral support, and training and guidance,

23  as well as costs incurred in funeral and burial expenses, and other damages and are thus entitled to

24  recover fair and reasonable monetary compensation for those damages and any other such

25  statements to be stated according to proof pursuant to California Code of Civil Procedure §

26  425.10.

27

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

9

Case No.

COMPLAINT FOR WRONGFUL DEATH

**THIRD CAUSE OF ACTION**

**(Breach of Warranties)**

39.    COME NOW all Plaintiffs, and for a Third Cause of Action against all Defendants, and DOES 1 through 50, inclusive, and each of them, complain and allege as follows:

40.    Plaintiffs re-allege and incorporate paragraphs 1 through 38 above, inclusive of the Parties, Jurisdiction and Venue, and General Allegations, above.

41.    Plaintiffs are informed and believe, and thereupon allege, that Defendants, by and through the sale and distribution of the products in question, expressly and impliedly warranted to the public generally, and to Plaintiffs' decedent specifically, that the products in question were fit for the purposes of which they were intended.

42.    Plaintiffs are informed and believe, and thereupon allege, that at the time such products were marketed, sold and distributed, Defendants were in the business of selling such products, and hold and have held themselves out to the public as having superior knowledge, skill and experience in the construction, assembly, and manufacture of such aircraft and its component parts; and, in the course of business as parachute manufacturers, Defendants constructed, assembled, and manufactured the Helicopter and its component parts; and Defendants expressly and impliedly warranted were fit for intended use, being airworthy and free of unreasonably dangerous defects.

43.    Plaintiffs are informed and believe, and thereupon allege, that Plaintiffs' decedent, Kevin Burke, made reasonable and foreseeable use of the products as alleged herein, and relied on the express and implied warranties made by Defendants.

44.    Plaintiffs are informed and believe, and thereupon allege, that contrary thereto, the products in question, the Helicopter and its component parts, were not fit for their intended and foreseeable uses, thereby rendering the products in question unreasonably dangerous.

45.    Plaintiffs are informed and believe, and thereupon allege, that Defendants breached the express and implied warranties because of the products' failure and defective components as alleged above, and because of improper marketing involved in Defendants' failure to warn of the products' inadequacies and/or defects and failure to instruct in the safe use,

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   operation, and maintenance of such products.

2       46.    Plaintiffs are informed and believe, and thereupon allege, that Defendants' breach

3   of warranties and the above-mentioned defects rendered the products unreasonably dangerous, and

4   were a proximate and producing cause of the subject parachute failure and the resulting death of

5   Plaintiffs' decedent, Kevin Burke.

6       47.    Plaintiffs are informed and believe, and thereupon allege, that the failure of the

7   Helicopter, and the resulting death of Plaintiffs' decedent, Kevin Burke, were proximately caused

8   and/or substantially contributed to by Defendants' breach of express and implied warranties of the

9   Helicopter and its components parts' fitness for use, and Defendants' breach of its representation

10  that the Helicopter and its component parts were free of latent and unreasonably dangerous defects

11  in manufacturer, marketing, and distribution.

12      48.    Plaintiffs are informed and believe, and thereupon allege, that as personnel of the

13  United States Army, and a member of the general public, Plaintiffs' decedent, Kevin Burke, relied

14  to his detriment upon Defendants' representations.

15      49.    Plaintiffs are informed and believe, and thereupon allege, by reason of the

16  foregoing, Defendants are liable in Breach of Warranty for the death of Plaintiffs' decedent, Kevin

17  Burke.

18      50.    As a direct, legal and proximate result of Defendants' breach of warranty,

19  Plaintiffs sustained damages and are entitled to recover all compensatory damages allowed under

20  law, including damages for the value of the loss of financial support, love, companionship,

21  comfort, care, assistance, protection, affection, society, moral support, and training and guidance,

22  as well as costs incurred in funeral and burial expenses, and other damages and are thus entitled to

23  recover fair and reasonable monetary compensation for those damages and any other such

24  statements to be stated according to proof pursuant to California Code of Civil Procedure §

25  425.10.

## **PRAYER FOR RELIEF**

27      WHEREFORE, Plaintiffs pray for judgment as against all Defendants (including DOES

28  50) as follows:

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1.     For non-economic damages suffered by Plaintiffs including, but not limited to, loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Chief Warrant Officer Kevin Burke, in an amount in excess of the jurisdictional minimum, according to proof;

2.     For economic damages suffered by Plaintiffs related to loss of earnings and loss of financial support from Chief Warrant Officer Kevin Burke, according to proof;

3.     For funeral and burial expenses suffered by Plaintiffs, according to proof;

4.     For incidental expenses suffered by Plaintiffs, according to proof;

5.     For prejudgment interest, according to proof;

6.     For pre-trial interest, according to proof; and

7.     For such other and further relief as this Court may deem just and proper.


DATED:  January 17, 2020                                        PANISH SHEA & BOYLE LLP



                                                        By:  _Nathan E. W_____
                                                              Kevin R. Boyle
                                                              Jesse Max Creed
                                                              Nathan E. Werksman
                                                              Attorneys for Plaintiffs



## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a trial by jury as to all causes of action.

DATED:  January 17, 2020                                        PANISH SHEA & BOYLE LLP



                                                        By:  _Nathan E. W_____
                                                              Nathan E. Werksman
                                                              Attorneys for Plaintiffs


PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

## CIV-200117-CIV-DS2001751-SIF-161004



### Scanned Document Coversheet

System Code:   CIV
Case Number:   DS2001751
Case Type:   CIV
Action Code:   SIF
Action Date:   01/17/20
Action Time:   4:10
Action Seq:   0004
Printed by:   CGOLD

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Summons Issued and filed



NEW FILE

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** LOCKHEED MARTIN COMPANY, a corporation;
*(AVISO AL DEMANDADO):* and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** COLLEEN BURKE, an individual and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* personal representative of the
Estate of Kevin Burke, and GARY BURKE, an individual,

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> F I L E D
> SUPERIOR COURT OF CALIFORNIA
> COUNTY OF SAN BERNARDINO
> SAN BERNARDINO DISTRICT
>
> JAN 17 2020
>
> BY _____
> CHRIS GOLDSTEIN, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Bernardino
247 West Third Street
San Bernardino, California 92415-0210

CASE NUMBER:
*(Número del Caso):*
CIVDS 2001751

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Kevin R Boyle, SBN: 192718;
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PANISH SHEA & BOYLE
11111 Santa Monica Blvd, Suite 700, LOS ANGELES, CA 90025 310-477-1700

DATE: JAN 17 2020                         Clerk, by _____, Deputy
*(Fecha)*                                 *(Secretario)* Chris Goldstein *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Exhibit A, page 17 Form Builder

# CIV-200117-CIV-DS2001751-CCCS-161102



## Scanned Document Coversheet

System Code:   CIV
Case Number:   DS2001751
Case Type:   CIV
Action Code:   CCCS
Action Date:   01/17/20
Action Time:   4:11
Action Seq:   0002
Printed by:   CGOLD

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Civil Case Cover Sheet filed.



NEW FILE

Exhibit A, page 28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kevin R Boyle, SBN: 192718;  Nathan Werksman SBN:  322223
PANISH SHEA & BOYLE
11111 Santa Monica Blvd., Suite 700, LOS ANGELES, CA 90025
TELEPHONE NO.: 310-477-1700          FAX NO.: 310-477-1699
ATTORNEY FOR (Name): Plaintiffs, COLLEEN BURKE, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: San Bernardino District - Civil Division

CASE NAME: COLLEEN BURKE, an individual and personal representative of the
Estate of Kevin Burke, and GARY BURKE, an individual vs. LOCKHEED MARTIN

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 17 2020

BY _____
CHRIS GOLDSTEIN, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIV DS 2 0 0 1 7 5 1  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 3; 1.NEGLIGENCE-PRODUCT LIABILITY  2. STRICT PRODUCT LIABILITY
5. This case [ ] is  [X] is not  a class action suit.  3. BREACH OF EXPRESS AND IMPLIED WARRANTY
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 17, 2020

Nathan Werksman
(TYPE OR PRINT NAME)                                ► _____
                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

Exhibit A, page 29  American LegalNet, Inc. www.USCourtForms.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# CIV-200117-CIV-DS2001751-COA-161302



## Scanned Document Coversheet

System Code:    CIV

Case Number:    DS2001751

Case Type:    CIV

Action Code:    COA

Action Date:    01/17/20

Action Time:    4:13

Action Seq:    0002

Printed by:    CGOLD

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

# Certificate of Assignment received.



NEW FILE

Exhibit A, page 31

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COLLEEN BURKE, et al.

vs.

LOCKHEED MARTIN COMPANY, a corporation

CASE NO.: CIV DS 2 0 0 1 7 5 1

**CERTIFICATE OF ASSIGNMENT**

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
Central _____ District of the Superior Court under Rule 404 of this court for the
checked reason:

     [X] General          [ ] Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [X] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20. Other _____ | _____ |
| [ ] | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Fort Irwin Reception Campus | | 983 Inner Loop Rd | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Fort Irwin | CA | | 92310 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 01/17/2020 _____ at Los Angeles _____, California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360,
Rev 06-2014 Mandatory

# CIV-200117-CIV-DS2001751-NI-161202



## Scanned Document Coversheet

System Code:   CIV
Case Number:   DS2001751
Case Type:   CIV
Action Code:   NI
Action Date:   01/17/20
Action Time:   4:12
Action Seq:   0002
Printed by:   CGOLD

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

# Notice Imaged



NEW FILE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street .

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                        CASE NO: CIVDS2001751

                    NOTICE OF TRIAL SETTING CONFERENCE


IN RE: BURKE, ET AL.-V-LOCKHEED MARTIN

THIS CASE HAS BEEN ASSIGNED TO: JANET M FRANGIE IN DEPARTMENT S29
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
San Bernardino, CA  92415-0210.

        HEARING DATE: 07/17/20 at  8:30 in Dept. S29


DATE: 01/17/20  Nancy Eberhardt, Court Executive Officer
                                        By: CHRISTOPHER GOLDSTEI
------------------------------------------------------------------------
------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(√) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 01/17/20
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 01/17/20 at San Bernardino, CA

                        BY: CHRISTOPHER GOLDSTEIN


civ-ntsc-20130417

Notice 'NTSC' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS2001751 on  1/17/20:


PANISH SHEA BOYLE, LLP
11111 SANTA MONICA BOULEVARD
SUITE 700
LOS ANGELES, CA 92415-0210

# CIV-200625-CIV-DS2001751-AND-165002



## Scanned Document Coversheet

System Code:   CIV
Case Number:   DS2001751
Case Type:     CIV
Action Code:   AND
Action Date:   06/25/20
Action Time:    4:50
Action Seq:    0002
Printed by:    GMARI

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Amendment to COMPLAINT FOR BURKE naming Does 1 to be THE BOEING COMPANY filed.



NEW FILE

| ATTORNEY OR PARTY WITHOUT (Name, State Bar Number, and address):<br>Kevin R Boyle, SBN: 192718; Matthew Stumpf, SBN: 301867<br>11111 Santa Monica Blvd., Suite 700, LOS ANGELES, CA 90025<br>E-MAIL: boyle@psblaw.com; stumpf@psblaw.com<br>Telephone No.: 310-477-1700          Fax No. (Optional): 310-477-1699<br>ATTORNEY FOR (Name): Plaintiffs, COLLEEN BURKE, et al.    Bar No.: 322223 | COURT USE<br>ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**<br><br>STREET ADDRESS 247 West Third Street<br>MAILING ADDRESS 247 West Third Street<br>CITY AND ZIP CODE San Bernardino, 92415-0210<br>BRANCH NAME San Bernardino District - Civil Division | JUN 25 2020<br><br>BY _____<br>GLORIA MARIN, DEPUTY |
| PLAINTIFF(S)/PETITIONER(S):<br>COLLEEN BURKE, et al.<br>DEFENDANT(S)/RESPONDENT(S):<br>LOCKHEED MARTIN COMPANY, a corporation | CLERK'S USE ONLY |
| **AMENDMENT TO COMPLAINT** | CASE NUMBER:<br>CIVDS2001751 |

**FICTITIOUS NAME** (No order required)

*BY FAX*

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:

Doe 1
_____

and having discovered the true name of the said defendant to be:

The Boeing Company
_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

June 22, 2020
_____                    _____
        Date                                            *Declarant's Signature*

---

**INCORRECT NAME** (Order required)
Plaintiff(s) having designated a defendant in the complaint by the incorrect name of :

_____

and having discovered the true name of the said defendant to be:

_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____                    _____
        *Date*                                          *Declarant's Signature*

**ORDER**
Proper cause appearing, the above amendment to the complaint is allowed

Dated _____              _____
                                                      *Judge/Commissioner*

AMENDMENT TO COMPLAINT

# CIV-200630-CIV-DS2001751-AND-152102



## Scanned Document Coversheet

System Code:    CIV

Case Number:   DS2001751

Case Type:       CIV

Action Code:     AND

Action Date:     06/30/20

Action Time:       3:21

Action Seq:       0002

Printed by:        EGOME

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Amendment to COMPLAINT naming Does 2 to be ELBIT SYSTEMS LTD. filed.



NEW FILE

Exhibit A, page 38

| ATTORNEY OR PARTY WITHOUT (Name, State Bar Number, and address): | COURT USE ONLY |
|---|---|
| Kevin R Boyle, SBN: 192718; Matthew Stumpf, SBN: 301867<br>11111 Santa Monica Blvd., Suite 700, LOS ANGELES, CA 90025<br>E-MAIL: boyle@psblaw.com; stumpf@psblaw.com<br>Telephone No.: 310-477-1700     Fax No. (Optional): 310-477-1699<br>ATTORNEY FOR (Name):Plaintiffs, COLLEEN BURKE, et al.    Bar No.: 301867 | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUN 3 0 2020<br><br>BY _____<br>ELYZABETH GOMEZ, DEPUTY<br>*CLERK'S USE ONLY* |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO |
|---|
| STREET ADDRESS 247 West Third Street |
| MAILING ADDRESS 247 West Third Street |
| CITY AND ZIP CODE San Bernardino, 92415-0210 |
| BRANCH NAME San Bernardino District - Civil Division |

| PLAINTIFF(S)/PETITIONER(S): |
|---|
| COLLEEN BURKE, et al. |
| DEFENDANT(S)/RESPONDENT(S): |
| LOCKHEED MARTIN COMPANY, a corporation |

| AMENDMENT TO COMPLAINT | CASE NUMBER:<br>CIVDS2001751 |
|---|---|

## FICTITIOUS NAME (No order required)

**BY FAX**

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:

Doe 2
_____

and having discovered the true name of the said defendant to be:

Elbit Systems Ltd.
_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

| June 29, 2020 | _____ |
|---|---|
| *Date* | *Declarant's Signature* |

## INCORRECT NAME (Order required)
Plaintiff(s) having designated a defendant in the complaint by the incorrect name of :

_____

and having discovered the true name of the said defendant to be:

_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

| _____ | _____ |
|---|---|
| *Date* | *Declarant's Signature* |

## ORDER
Proper cause appearing, the above amendment to the complaint is allowed

Dated _____     _____
                                                              *Judge/Commissioner*

AMENDMENT TO COMPLAINT

SB-16778,
Rev. 04-2014 **Optional**

Exhibit A, page 39

RECEIVED

JUN 3 0 2020

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

# CIV-200630-CIV-DS2001751-AND-152202



## Scanned Document Coversheet

System Code:    CIV
Case Number:   DS2001751
Case Type:      CIV
Action Code:    AND
Action Date:    06/30/20
Action Time:     3:22
Action Seq:     0002
Printed by:      EGOME

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Amendment to COMPLAINT naming Does 3 to be ELBIT SYSTEMS OF AMERICA LLC filed.



NEW FILE

| ATTORNEY OR PARTY WITHOUT (Name, State Bar Number, and address): | COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT (Name, State Bar Number, and address):
Kevin R Boyle, SBN: 192718; Matthew Stumpf, SBN: 301867
11111 Santa Monica Blvd., Suite 700, LOS ANGELES, CA 90025
E-MAIL: stumpf@psblaw.com
Telephone No.: 310-477-1700      Fax No. (Optional): 310-477-1699
ATTORNEY FOR (Name): Plaintiffs, COLLEEN BURKE, et al.   Bar No.: 301867

**COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 3 0 2020

BY _____
ELYZABETH GOMEZ, DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS 247 West Third Street
MAILING ADDRESS 247 West Third Street
CITY AND ZIP CODE San Bernardino, 92415-0210
BRANCH NAME San Bernardino District - Civil Division

PLAINTIFF(S)/PETITIONER(S):
COLLEEN BURKE, et al.

DEFENDANT(S)/RESPONDENT(S):
LOCKHEED MARTIN COMPANY, a corporation

**AMENDMENT TO COMPLAINT**

CLERK'S USE ONLY

CASE NUMBER:
CIVDS2001751

---

**FICTITIOUS NAME** (No order required)                           **BY FAX**

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:
Doe 3

and having discovered the true name of the said defendant to be:

Elbit Systems of America LLC

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

June 29, 2020 _____          _____
        *Date*                                        *Declarant's Signature*

---

**INCORRECT NAME** (Order required)
Plaintiff(s) having designated a defendant in the complaint by the incorrect name of :

and having discovered the true name of the said defendant to be:

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____                          _____
        *Date*                                        *Declarant's Signature*

**ORDER**
Proper cause appearing, the above amendment to the complaint is allowed

Dated _____                    _____
                                                *Judge/Commissioner*

**AMENDMENT TO COMPLAINT**

SB-16778,
Rev. 04-2014 **Optional**

Exhibit A, page 42

RECEIVED

JUN 3 0 2020

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

# CIV-200706-CIV-DS2001751-ITSCSF-083302



## Scanned Document Coversheet

System Code:   CIV
Case Number:   DS2001751
Case Type:     CIV
Action Code:   ITSCSF
Action Date:   07/06/20
Action Time:   8:33
Action Seq:    0002
Printed by:    JLEAN

> **THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE**

## Initial Trial Setting Conference Statement filed by COLLEEN BURKE, GARY BURKE



NEW FILE

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Matthew Stumpf<br>PANISH SHEA & BOYLE<br>11111 Santa Monica Blvd., Suite 700, LOS ANGELES, CA 90025<br>TELEPHONE NO.: 310-477-1700<br>E-MAIL ADDRESS: stumpf@psblaw.com<br>ATTORNEY FOR (Name):Plaintiffs,<br>FAX NO. (Optional):310-477-1699 | STATE BAR NUMBER<br>301867<br><br>TRIAL SETTING CONFERENCE DATE: 07/17/2020<br>UNLIMITED CASE: X<br>LIMITED CASE: | Reserved for Clerk's File Stamp<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUL 06 2020<br><br>BY _____<br>JOVANNA LEANDRO, DEPUTY |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS: 247 West Third Street, San Bernardino, CA 92415

PLAINTIFF: COLLEEN BURKE, et al.

DEFENDANT: LOCKHEED MARTIN COMPANY, a corporation

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER:<br>CIVDS2001751 |
|---|---|

**BY FAX**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☒ This statement is submitted jointly by parties (names): Colleen Burke, an individual and personal representative of the Estate of Kevin Burke and Gary Burke, an individual

2. **Service of Complaint** on all parties has ☐ has not ☒ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint: Wrongful death; negligence - product liability; strict product liability; breach of express and implied warranty

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☒ Date discovery anticipated to be completed: Per Code

7. Do you agree to mediation? Yes ☒ No ☐ Please check type agreed to: Private: X Court-sponsored:

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.
   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☒ No ☐ Available dates: _____ Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.
    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: July 2, 2020

Matthew Stumpf, Esq.
_____(TYPE OR PRINT NAME)_____          _____(SIGNATURE OF PARTY OR ATTORNEY)_____

_____(TYPE OR PRINT NAME)_____          _____(SIGNATURE OF PARTY OR ATTORNEY)_____

Form # 13-09001-360
Rev.6-2020 Mandatory

**INITIAL TRIAL SETTING CONFERENCE STATEMENT**

# CIV-200709-CIV-DS2001751-REJ2-083502



## Scanned Document Coversheet

System Code:   CIV

Case Number:   DS2001751

Case Type:   CIV

Action Code:   REJ2

Action Date:   07/09/20

Action Time:   8:35

Action Seq:   0002

Printed by:   JLEAN

THIS COVERSHEET IS FOR COURT
PURPOSES ONLY, AND THIS IS NOT
A PART OF THE OFFICIAL RECORD.
YOU WILL NOT BE CHARGED FOR
THIS PAGE

# Notice of Return of Document(s)



NEW FILE

SUPERIOR COURT - COUNTY OF SAN BERNARDINO
San Bernardino District - Civil
247 West Third Street

San Bernardino CA 924150210

Office Hours: 8 a.m.- 4 p.m.


TO:

FROM: SAN BERNARDINO COUNTY SUPERIOR COURT-San Bernardino District - Civil

---

NOTICE OF RETURN OF DOCUMENT(S)

---

CASE NUMBER: CIVDS2001751
CASE NAME:   BURKE, ET AL.-V-LOCKHEED MARTIN


   COMMENTS:

      AT ISSUE MEMO is returned by Court for the following reason(s):
      MISSING SIGNATURE ON PAGE 2. PLEASE SIGN & RESUBMIT.


Note:  Please keep this notice attached when resubmitting.   Thank You.


07/09/20                    By:  JOVANNA LEANDRO
                                 _____
                                    Deputy Clerk

---

NOTICE RETURNING DOCUMENT(S)

Exhibit A, page 47

Notice 'NOR' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS2001751 on  7/09/20:


PANISH SHEA BOYLE, LLP
11111 SANTA MONICA BOULEVARD
SUITE 700
LOS ANGELES, CA 92415-0210

## CIV-200716-CIV-DS2001751-ITSCOF-144402



### Scanned Document Coversheet

System Code:   CIV
Case Number:   DS2001751
Case Type:     CIV
Action Code:   ITSCOF
Action Date:   07/16/20
Action Time:   2:44
Action Seq:    0002
Printed by:    THAND

THIS COVERSHEET IS FOR COURT
PURPOSES ONLY, AND THIS IS NOT
A PART OF THE OFFICIAL RECORD.
YOU WILL NOT BE CHARGED FOR
THIS PAGE

# Initial Trial Setting COnference Order signed and filed.



NEW FILE

Exhibit A, page 49

| | |
|---|---|
| COURTHOUSE ADDRESS:  247 W. THIRD ST., SAN BERNARDINO, CA 92415<br>DEPARTMENT: S29<br>TELEPHONE: (909) 531-3461 | F̶  Reserved for Clerk's File Stamp<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO | JUL 16 2020 |
|---|---|
| PLAINTIFF:<br>      COLLEEN BURKE, et al | BY _Theresa Handside_ |
| DEFENDANT:<br>      LOCKHEED MARTIN COMPANY, et al | DEPUTY |
| **INITIAL TRIAL SETTING CONFERENCE ORDER** | CIVDS 2001751 |

The Court, having reviewed the case file, and in compliance with California Rules of Court, Rule 3.728 issues the following Orders:

1.  The **Trial Setting Conference** is continued to  <u>October 7, 2020</u> at 9:00 a.m. in Department  <u>S29</u> .

2.  The parties, upon stipulation, are ordered to private mediation and a Return of Mediation/ Trial Setting Conference is set for _____ at ____ a./p.m. in Department ____ .

3.  A Mandatory Settlement Conference is set for _____ at ____ a./p.m. in Department ____ .  The parties are ordered to comply with the department's MSC rules.

4.  Trial dates are set as follows:

    A.  Trial date: _____ Time: _____ Trial estimate: _____ Jury: Yes ___ No ___

    B.  Trial readiness conference date: _____    Time: _____

    C.  The parties are ordered to comply with the department's TRC rules.

5.  Other orders:  <u>The parties are advised to review the Court's website for emergency Civil Rules 1-7.  The parties are further ordered to ensure that a current email address is listed on their pleadings pursuant to California Rules of Court Rule 2.111.  Plaintiff to give notice and serve this Order on all unserved parties when they are served.</u>

The judicial assistant is directed to serve the Plaintiff with this Order and Plaintiff shall serve the parties when they appear.

DATED:  __JUN 1 6 2020__

_Janet M Frangie_
HONORABLE JANET M. FRANGIE
JUDGE OF THE SUPERIOR COURT

# CIV-200716-CIV-DS2001751-NI-144406



## Scanned Document Coversheet

System Code:   CIV

Case Number:   DS2001751

Case Type:     CIV

Action Code:   NI

Action Date:   07/16/20

Action Time:   2:44

Action Seq:    0006

Printed by:    THAND

THIS COVERSHEET IS FOR COURT
PURPOSES ONLY, AND THIS IS NOT
A PART OF THE OFFICIAL RECORD.
YOU WILL NOT BE CHARGED FOR
THIS PAGE

# Notice Imaged



NEW FILE

Exhibit A, page 51

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino CA 924150210
----------------------------------------------------------------------
----------------------------------------------------------------------

CASE NO: CIVDS2001751

I M P O R T A N T   C O R R E S P O N D E N C E

From the above entitled court, enclosed you will find:

copy of Initial Trial Setting Order

·

----------------------------------------------------------------------
----------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
(X) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 07/16/20
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 07/16/20 at San Bernardino, CA

BY: THERESA HANDYSIDE
----------------------------------------------------------------------

M A I L I N G   C O V E R   S H E E T

Exhibit A, page 52

Notice 'ADDRES' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS2001751 on  7/16/20:


PANISH SHEA BOYLE, LLP
11111 SANTA MONICA BOULEVARD
SUITE 700
LOS ANGELES, CA 92415-0210

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Kevin Boyle, SBN. 192718    Matthew Stumpf   SBN: 301867
PANISH SHEA & BOYLE
11111 Santa Monica Blvd., Suite 700
LOS ANGELES, CA 90025
TELEPHONE NO.: 310-477-1700       FAX NO. *(Optional):* 310-477-1699
E-MAIL ADDRESS *(Optional):* ***@psblaw.com
ATTORNEY FOR *(Name):* Plaintiffs,

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: San Bernardino District - Civil Division

PLAINTIFF/PETITIONER:  COLLEEN BURKE, et al.

DEFENDANT/RESPONDENT: LOCKHEED MARTIN COMPANY, a corporation

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CIVDS2001751 |
|---|---|

TO *(insert name of party being served):* The Boeing Company

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 16, 2020

Kevin Boyle
_____        ►  _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1.  [X]  A copy of the summons and of the complaint.
2.  [X]  Other *(specify):* Civil Case Cover Sheet; Certificate of Assignment; Amendment to Complaint DOE 1; Amendment to Complaint DOE 2; Amendment to Complaint DOE 3; Initial Trial Setting Conference Statement

*(To be completed by recipient):*

Date this form is signed:   August 4, 2020

Jeffery S. Clackley, on behalf of The Boeing Company
_____        ►  _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Westlaw Doc & Form Builder™

Exhibit A, page 55